**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARMEN MORGAN-MAPP,** | : | |
| **Administratrix of the Estate of** | : | |
| **CASSANDRA MORGAN, Deceased** | : | **NO.: 07-2949** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY;** | : | |
| **THE GEO GROUP, INC.; COUNTY OF** | : | |
| **DELAWARE; DELAWARE COUNTY BOARD** | : | |
| **OF PRISON INSPECTORS; GEORGE W. HILL;** | : | |
| **RONALD NARDOLILLO; RONNIE MOORE;** | : | |
| **CONNIE DANLEY; WILLIAM PURNER, M.D.;** | : | |
| **GRATO PANEQUE, M.D.; HANI ZAKI, M.D.;** | : | |
| **JOHN FRAUNCES; Ed.D.; CROZER-CHESTER** | : | |
| **MEDICAL CENTER; USHA KOTIHAL, M.D.** | : | |

**DEFENDANTS, GEORGE W. HILL CORRECTIONAL FACILITY, THE GEO GROUP, INC.,
COUNTY OF DELAWARE, DELAWARE COUNTY BOARD OF PRISON INSPECTORS,
GEORGE W. HILL, RONALD NARDOLILLO, RONNIE MOORE, CONNIE DANLEY,
WILLIAM PURNER, M.D., GRATO PANEQUE, M.D., HANI ZAKI, M.D. AND JOHN
FRAUNCES, Ed.D.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT**

Defendants, George W. Hill Correctional Facility, The GEO Group, Inc., County of

Delaware, Delaware County Board of Prison Inspectors, George W. Hill, Ronald Nardolillo,

Ronnie Moore, Connie Danley, William Purner, M.D., Grato Paneque, M.D., Hani Zaki, M.D.,

and John Fraunces, Ed.D., by and through their attorneys, Robert M. DiOrio, Esquire and

Kathleen E. Mahoney, Esquire hereby file this Answer to Plaintiff's Complaint and aver the

following in support thereof:

1.     Denied.  Answering Defendants specifically deny these averments and demand strict

proof thereof at trial.

2.     Denied.  After reasonable investigation, Answering Defendants are without

knowledge or information sufficient to inform a belief as to the truth of the averments contained

therein.  The averments are denied and strict proof is demanded at the time of trial.

3.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof thereof is demanded at trial.

4.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

5.     Denied.  Answering Defendants specifically deny these averments and demand strict proof thereof at trial.

6.     Denied.  Answering Defendants specifically deny these averments and demand strict proof thereof at trial.

7.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

8.     Denied.  Answering Defendants specifically deny these averments and demand strict proof thereof at trial.

## THE PARTIES

9.     Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at the time of trial.

10.     Denied as stated.  The "George W. Hill Correctional Facility" is merely the name of a collection of buildings formerly known as "Delaware County Prison," which is owned by the County of Delaware.

11.   Admitted.

12.   Admitted.

13.   Admitted in part.  It is admitted that the County of Delaware is a municipality organized and existing under the laws of the Commonwealth of Pennsylvania and maintains an address at 210 West Front Street, Media, Pennsylvania, 19063.  The balance of the averments of this Paragraph of Plaintiff's Complaint are denied and strict proof is demanded at trial.

14.   Admitted.

15.   Admitted in part.  It is admitted that George W. Hill was the Superintendent of the George W. Hill Correctional Facility.  The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

16.   Admitted in part.  It is admitted that Ronald Nardolillo is the Warden of the George W. Hill Correctional Facility.  The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

17.   Admitted in part.  It is admitted that Defendant Ronnie Moore has been employed as the Health Services Administrator of the George W. Hill Correctional Facility.  The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

18.   Admitted in part.  It is admitted that Defendant Connie Danley has been employed as the Health Services Administrator of the George W. Hill Correctional Facility.  The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

19.   Admitted in part.  It is admitted that Defendant William Purner, M.D. has been the Medical Director of the at the George W. Hill Correctional Facility.  The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

20.   Admitted in part.  It is admitted that Defendant Grato Paneque, M.D. has provided

psychiatric services to inmates at the George W. Hill Correctional Facility.  The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

21.   Admitted in part.  It is admitted that Defendant Hani Zaki, M.D. has provided psychiatric services to inmates at the George W. Hill Correctional Facility.  The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

22.   Admitted in part.  It is admitted that Defendant John Fraunces, Ed.D. has provided psychological services to inmates at the George W. Hill Correctional Facility.  The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

23.   Denied.  The averments of this Paragraph constitute conclusions of law to which no response is required.  To the extent that the allegations contained in this Paragraph are not deemed conclusions of law, they are denied and strict proof is demanded at trial.

24.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, said allegations are denied and strict proof is demanded at trial.

25.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, said allegations are denied and strict proof is demanded at trial.

26.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, said allegations are denied and strict proof is demanded at trial.

27.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, said allegations are denied and strict proof is demanded at trial.

28.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, said allegations are denied and strict proof is demanded at trial.

29.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, said allegations are denied and strict proof is demanded at trial.

30.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, said allegations are denied and strict proof is demanded at trial.

## STATEMENT OF JURISDICTION AND VENUE

31.   Denied.  The averments of this Paragraph are conclusions of law to which no response is required.

32.   Denied.  The averments of this Paragraph are conclusions of law to which no response is required.

## STATEMENT OF FACTS

33.   Denied.  After reasonable investigation, Answering Defendants are without

knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at the time of trial.

34.  Admitted in part.  It is admitted that Cassandra Morgan died on March 29, 2006. The balance of the averments of this Paragraph are denied and strict proof is demanded at trial.

35.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

36.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

37.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

38.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

39.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

40.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

41.  Denied.  After reasonable investigation, Answering Defendants are without

knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

42.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

43.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

44.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

45.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

46.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

47.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

48.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

49.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

50.   Admitted in part.  It is admitted, upon information and belief, that Cassandra Morgan was arrested on or about February 16, 2006.  The balance of the averments of this Paragraph are denied and strict proof thereof is demanded at trial.

51.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

52.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

53.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

54.   Admitted, upon information and belief.

55.   Admitted in part.  It is admitted that Plaintiff was committed to the George W. Hill Correctional Facility on or about February 16, 2006.  The balance of the averments of this Paragraph are denied and strict proof thereof is demanded at trial.  By way of further denial, the records referred to in this Paragraph of Plaintiff's Complaint speak for themselves and any characterization thereof by Plaintiff is specifically denied.

56.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained

therein.  The averments are denied and strict proof is demanded at trial.  By way of further denial, the records referred to in this Paragraph of Plaintiff's Complaint speak for themselves and any characterization thereof by Plaintiff is specifically denied.

57.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

58.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

59.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.  By way of further denial, the records referred to in this Paragraph of Plaintiff's Complaint speak for themselves and any characterization thereof by Plaintiff is specifically denied.

60.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

61.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.  By way of further denial, the records referred to in this Paragraph of Plaintiff's Complaint speak for themselves and any characterization thereof by Plaintiff is specifically denied.

62.  Denied.  After reasonable investigation, Answering Defendants are without

knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof is demanded at trial.

63.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof thereof is demanded at trial.  By way of further denial, the records referred to in this Paragraph of Plaintiff's Complaint speak for themselves and any characterization thereof by Plaintiff is specifically denied.

64.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof thereof is demanded at trial.

65.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof thereof is demanded at trial.

66.  Admitted, upon information and belief.

67.  Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to inform a belief as to the truth of the averments contained therein.  The averments are denied and strict proof thereof is demanded at trial.

68.  Denied.  The records referred to in this Paragraph of Plaintiff's Complaint speak for themselves and any characterization thereof by Plaintiff is specifically denied.

69.  Denied.   Strict proof is demanded at trial.

70.  Admitted in part.  It is admitted that Cassandra Morgan was transferred by ambulance to Riddle Memorial Hospital.  The balance of the averments of this Paragraph are denied and strict proof thereof is demanded at trial.

71.   Admitted in part.  It is admitted that Cassandra Morgan died on March 29, 2006. The balance of the averments of this Paragraph are specifically denied and strict proof thereof is demanded at trial.

72.   Denied.  The averments of this Paragraph constitute conclusions of law requiring no response.  For further Answer, it is specifically denied that Answering Defendants were negligent, reckless, intentional, wrongful and deliberately indifferent or unlawful in any way and strict proof thereof is demanded at trial.

73.   Denied.  The averments of this Paragraph constitute conclusions of law requiring no response.  For further Answer, it is specifically denied that Answering Defendants were deliberately indifferent to Cassandra Morgan in any way.  Strict proof thereof is demanded at trial.

74.   Denied.  The averments of this Paragraph constitute conclusions of law requiring no response.  For further Answer, it is specifically denied that Answering Defendants were deliberately indifferent to Cassandra Morgan in any way.  Strict proof thereof is demanded at trial.

## COUNT I

### VIOLATION OF CASSANDRA MORGAN'S CONSTITUTIONAL RIGHTS

**PLAINTIFF v. GEORGE W. HILL CORRECTIONAL FACILITY, THE GEO GROUP, INC., THE COUNTY OF DELAWARE, THE DELAWARE COUNTY BOARD OF PRISON INSPECTORS, GEORGE W. HILL, RONALD NARDOLILLO, WILLIAM PURNER, M.D., RONNIE MOORE, CONNIE DANLEY, GRATO PANEQUE, M.D. HANI ZAKI, M.D. and JOHN FRAUNCES, Ed.D.**

75.   Answering Defendants hereby incorporate all previous Paragraphs of this Answer as if set forth at length herein.

76.   Denied.  The averments of this Paragraph constitute conclusions of law requiring no

response.  For further Answer, it is specifically denied that Answering Defendants were reckless or deliberately indifferent in any way.  Strict proof thereof is demanded at trial.

77.   Denied.  The averments of this Paragraph constitute conclusions of law requiring no response.  For further Answer, it is specifically denied that Answering Defendants intended to harm Cassandra Morgan in any way, or that they acted in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Cassandra Morgan.  Strict proof thereof is demanded at trial.

78.   Denied.  The averments of this Paragraph constitute conclusions of law requiring no response.  For further Answer, it is specifically denied that Answering Defendants violated Cassandra Morgan's constitutional rights in any way.  Strict proof thereof is demanded at trial.

79.   Denied.  The averments of this Paragraph constitute conclusions of law requiring no response.  For further Answer, it is specifically denied that Answering Defendants violated Cassandra Morgan's constitutional rights in any way.  Strict proof is demanded at trial.

**COUNT II**

**<u>GROSS NEGLIGENCE – WRONGFUL DEATH ACTION</u>**

**PLAINTIFF v. CROZER-CHESTER MEDICAL CENTER and USHA KOTIHAL, M.D.**

80.   Answering Defendants incorporate all previous Paragraphs of this Answer as if set forth at length herein.

81.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

82.   The averments of this Paragraph pertain to a party or parties other than the

Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

83.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

84.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

85.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

86.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

87.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

88.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

89.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

90.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

91.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

## COUNT III

### GROSS NEGLIGENCE – SURVIVAL ACTION

**PLAINTIFF v. CROZER-CHESTER MEDICAL CENTER and USHA KOTIHAL, M.D.**

92.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

93.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

94.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

95.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

96.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

97.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

98.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied

and strict proof is demanded.

99.   The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

100. The averments of this Paragraph pertain to a party or parties other than the Answering Defendants and Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.  Therefore, these allegations are denied and strict proof is demanded.

**WHEREFORE**, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed and Judgment be entered in their favor.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no respondent superior liability for a § 1983 cause of action.  Therefore, liability must be found against The GEO Group, Inc., County of Delaware and the Delaware County Board of Prison Inspectors for their own actions or inactions in this matter.

### THIRD AFFIRMATIVE DEFENSE

Negligence is an insufficient basis upon which to find liability against any of the Defendants on the §1983 cause of action.

### FOURTH AFFIRMATIVE DEFENSE

Any alleged actions or omissions of the Answering Defendants, if proven, were not the

proximate cause of the Plaintiff's decedent's alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has merely alleged, in a conclusory fashion without any factual specificity, the requisite deliberate indifference which is necessary to sustain a § 1983 claim against all defendants.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendants assert all common law and statutory immunity and qualified immunity to which they may be entitled.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to all of the privileges, immunities and limitations of damages provided by the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, *et seq*.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs have suffered any compensable injury, then these injuries were caused by acts and/or omissions of other individuals and not by any acts and/or omissions of the Answering Defendants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs were not deprived of any civil right and/or constitutional right nor was their decedent as a result of any policy, practice, custom or usage of the Answering Defendants.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendants at all times relevant to the Plaintiff's cause of action, acted in good faith and with the reasonable belief, both objective and subjective, that their actions, or the actions of their agents, servants and/or employees were lawful and not in violation of the rights of the Plaintiffs under the Constitution and laws of the United States or the Commonwealth of

Pennsylvania.

## ELEVENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor Plaintiff's decedent was not subjected to deliberate indifference to their rights.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants did not wilfully or intentionally commit any wrongful acts causing injury or damage to the Plaintiff or Plaintiff's decedent, and, in the absence of such wilful misconduct, there can be no liability on the part of the Answering Defendants to the Plaintiff in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not participate in, have actual knowledge of, or acquiesce in any unlawful events giving rise to Plaintiff's Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent it may seek punitive damages, violates Answering Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania and the Answering Defendants' rights to protection from excessive fines as provided for in the Eighth Amendment of the United States Constitution and Article 1 Section 8 of the Constitution of the Commonwealth of Pennsylvania.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' decedent was contributorily negligent.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable Statute of Limitations and the failure to

provide the required notice to the Answering Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred or limited by the Pennsylvania Comparative Negligence Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred or limited by the doctrines of res judicata and collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action may be barred by decedent's assumption of the risk, as my be applied to facts disclosed in discovery.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred for failure to name a necessary and/or essential party.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's cause of action must be stricken or barred for failure to name a proper party.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff may have entered into a release which serves as an affirmative defense.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendant's are immune from Plaintiff's claims pursuant to the Mental Heath Procedures Act, 50 P.S. §7101, *et seq.*

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §1997e.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff has pled any claim or cause of action against Answering Defendants for failing to affect a cure or a particular result of treatment, this claim and/or cause of action is wholly barred by the absence of a special contract in writing, without which a health care provider is neither a warrantor nor a guarantor of a cure.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

All treatment rendered by Answering Defendants to Plaintiff's decedent was provided in accordance with the applicable standard of medical and nursing care at the time and place of treatment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's decedent received appropriate medical care and treatment during her incarceration.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants may be entitled to and hereby assert all the benefits and protections of the Pennsylvania Health Care Services Malpractice Act, the terms of which are hereby incorporated by reference as though fully set forth at length herein.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred by the doctrines of waiver, estoppel and/or laches.

## THIRTIETH AFFIRMATIVE DEFENSE

Any and all claims of the Plaintiffs may be barred by the doctrines of consent and/or privilege.

**WHEREFORE,** Answering Defendants respectfully request that this Honorable Court grant judgment in their favor and dismiss Plaintiffs' Complaint with prejudice.


                                        **DiORIO  & SERENI, LLP**

Date: <u>August 13,  2007</u>              By**:**   **RMD-2563** _____
                                        **ROBERT M. DIORIO, ESQ.**
                                        Attorney I.D. No.:  17838


                                        **KM-1316** _____
                                        **KATHLEEN E.  MAHONEY, ESQ.**
                                        Attorney I.D. No.: 77873
                                        21 West Front Street
                                        P.O. Box 1789
                                        Media, PA 19063
                                        (610) 565-5700
                                        (610) 891-0652 (facsimile)

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARMEN MORGAN-MAPP,** | : | |
| **Administratrix of the Estate of** | : | |
| **CASSANDRA MORGAN, Deceased** | : | **NO.: 07-2949** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY;** | : | |
| **THE GEO GROUP, INC.; COUNTY OF** | : | |
| **DELAWARE; DELAWARE COUNTY BOARD** | : | |
| **OF PRISON INSPECTORS; GEORGE W. HILL;** | : | |
| **RONALD NARDOLILLO; RONNIE MOORE;** | : | |
| **CONNIE DANLEY; WILLIAM PURNER, M.D.;** | : | |
| **GRATO PANEQUE, M.D.; HANI ZAKI, M.D.;** | : | |
| **JOHN FRAUNCES; Ed.D.; CROZER-CHESTER** | : | |
| **MEDICAL CENTER; USHA KOTIHAL, M.D.** | : | |

**<u>CERTIFICATE OF SERVICE</u>**

We, Robert M. DiOrio and Kathleen E. Mahoney, attorneys for Defendants, hereby

certify that a true and correct copy of the foregoing Answer with Affirmative Defenses was

served via United States First Class mail, postage pre-paid on August 13, 2007  to the following:

Harold I. Goodman, Esquire
**Raynes McCarthy Binder Ross & Mundy**
1845 Walnut Street
Philadelphia, PA 19103
Counsel for Plaintiff

Amalia V. Romanowicz, Esquire
**Post & Schell, P.C.**
1600 John F. Kennedy Blvd.
Four Penn Center, 13th Floor
Philadelphia, PA 19010

Date: <u>August 13, 2007</u>          By**:**   **RMD-2563**_____
                                          **ROBERT M. DIORIO, ESQ.**
                                          Attorney I.D. No.:  17838


                                          **KM-1316**_____
                                          **KATHLEEN E.  MAHONEY, ESQ.**
                                          Attorney I.D. No.: 77873
                                          21 West Front Street
                                          P.O. Box 1789
                                          Media, PA 19063
                                          (610) 565-5700
                                          (610) 891-0652 (facsimile)