IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN MORGAN-MAPP, | : | |
| Administratrix of the Estate of | : | CIVIL ACTION |
| CASSANDRA MORGAN, Deceased, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE W. HILL CORRECTIONAL | : | |
| FACILITY, et al., | : | No. 07-2949 |
| Defendants. | : | |

MEMORANDUM

Schiller, J.                                                                                                                                April 16, 2009

Plaintiff Carmen Morgan-Mapp brought this action as the Administratrix of her sister Cassandra Morgan's estate against fourteen Defendants, including the County of Delaware (the "County"). This Court granted summary judgment to certain Defendants, including the County, and the remainder of the case proceeded to trial.[1] Currently before the Court is Plaintiff's appeal from the Clerk of Court's award of $19,116.30 in costs to the County. For the following reasons the Clerk's Taxation of Costs is affirmed in part and reversed in part.

I.     BACKGROUND

Plaintiff brought a claim for wrongful death and a survival action against certain Defendants in connection with Morgan's allegedly improper release from Crozer-Chester Medical Center ("CCMC"). She also brought a claim, pursuant to 42 U.S.C. § 1983, against the remaining Defendants — including the County — based on their alleged failure to adequately attend to

---

[1] The remaining Defendants were voluntarily dismissed by Plaintiff, dismissed by the Court, or settled with Plaintiff.

Morgan's medical needs, in violation of Morgan's Fourteenth Amendment rights, while she was incarcerated at the George W. Hill Correctional Facility ("GWHCF").  Plaintiff asserted that Defendants were responsible for Morgan's untimely death because Morgan, a paranoid schizophrenic who suffered from hypothyroidism, was improperly released from an involuntary commitment at CCMC, shoplifted as a result of her disorder and was taken to GWHCF.  Her hypothyroidism went unnoticed and untreated at GWHCF, allegedly causing her death.[2]

The County filed a motion for summary judgment on July 7, 2008.  The County argued that its employees' conduct amounted to simple negligence and, irrespectively, that it could not be held liable pursuant to § 1983, because any such conduct did not result from a policy or custom. (County's Mem. of Law in Supp. of Mot. for Summ. J., Doc. No. 56-2, at 3, 11-13,16.)  In its response, Plaintiff asserted that the County's liability was based not on its employees' conduct but on "its relationship with the GEO Group, Inc., which it hired to administer the health care programs at the prison [GWHCF]." (Pl.'s Mem. of Law in Opp'n to Mots. for Summ. J., Doc. No. 73-2, at 24 n.10.)  The County replied that control of GWHCF is vested by statute in the Delaware County Board of Prison Inspectors ("DCBPI"), another Defendant, and not the County.  (County's Reply Mem. to Pl.'s Resp. to the Mot. for Summ. J., Doc. No. 87, at 1-3.)  The Court agreed that the County lacked control over GWHCF and, accordingly, granted the County summary judgment on September 12, 2008.  *Morgan-Mapp*, 2008 WL 4211699, at *16.

The County, as the prevailing party, subsequently filed a bill of costs to recover a total of $19,116.30 as follows: (1) $18,497.45 incurred in connection with the forty-four depositions taken

---

[2] The Court's memorandum addressing Defendants' summary judgment motions provides a more detailed description of the facts of this case.  *See Morgan-Mapp v. George W. Hill Corr. Facility*, Civ. A. No. 07-2949, 2008 WL 4211699, at *16 (E.D. Pa. Sept. 12, 2008).

in this case; (2) $605.55 incurred in connection with copies of papers "necessarily obtained for use in the case;" and (3) $13.30 paid to a co-defendant as reimbursement for copies of certain medical records. The bill of costs was supported by exhibits evidencing the County's expenditures and counsel's affidavit attesting that the costs were actually incurred. Over Plaintiff's objections, the Clerk of Court taxed the requested costs in favor of the County and against Plaintiff. Plaintiff appealed, primarily arguing that the County should not be allowed to recover any of the deposition-related costs because it only used eleven of them in its summary judgment motion and the Court did not rely on any of those depositions in granting summary judgment to the County. Plaintiff also objects to the other costs as relating to depositions and because the County has failed to sufficiently itemize those costs.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) states that costs other than attorney's fees "should be allowed to the prevailing party." This Rule is limited by 28 U.S.C. § 1920, which enumerates those costs that are properly taxable. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 457 (3d Cir. 2000). Although a district court has discretion to award or deny costs, Rule 54(d)(1) "creates the 'strong presumption' that costs are to be awarded to the prevailing party." *Id.* at 458, 462. "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-63; *see also Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995) (per curium). If a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so. *In re Paoli*, 221 F.3d at 468. A district court reviews *de novo* the Clerk's cost-determination. *Id.* at 458, 461.

**III.   DISCUSSION**

    **A.**    **Costs for Depositions**

Costs "for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920.  To satisfy this standard, depositions need only "appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken." *Adams v. Teamsters Local 115*, Civ. A. No. 99-4910, 2007 WL 2071897, at *8 (E.D. Pa. July 17, 2007) (internal quotations omitted); *see also Montgomery County v. Microvote Corp.*, Civ. A. No. 97-6331, 2004 WL 1087196, at *6 (E.D. Pa. May 13, 2004).  "Depositions that are used in support of a motion for summary judgment are necessarily obtained for use in the case, even if they were not essential to the court's resolution of the case." *Adams*, 2007 WL 2071897, at *8; *see also Stevens v. D.M. Bowman, Inc.*, Civ. A. No. 07-2603, 2009 WL 117847, at *3 (E.D. Pa. Jan. 15, 2009).  However, costs for depositions taken or received merely for counsel's convenience or for investigatory or discovery purposes are not taxable. *Adams*, 2007 WL 2071897, at *8; *Fitchett v. Stroehmann Bakeries, Inc.*, Civ. A. No. 95-284, 1996 WL 47977, at *3 (E.D. Pa. Feb. 5, 1996).  "'The district court has discretion in determining whether or not a deposition was necessarily obtained within the meaning of the statute, and the court's determination depends upon a factual evaluation of the case by the district judge in terms of the case's progress in his court.'" *Fitchett*, 1996 WL 47977, at *3 (quoting *Jeffries v. Ga. Residential Fin. Auth.*, 90 F.R.D. 62, 63 (N.D. Ga. 1981)).

The Court is well-versed with the facts of this case from conducting several telephone conferences with the parties' counsel, addressing Defendants' summary judgment motions, disposing of multiple pretrial motions, and presiding over the trial of this matter for eight days before it

4

ultimately settled. Although the case involved many Defendants, it stemmed from two separate but related sets of facts — one based on Morgan's treatment at and discharge from CCMC and one based on her treatment at GWHCF. The County only faced potential liability for the events that occurred at GWHCF, because of its alleged control over the jail. Thus, the Court concludes that the County did not need to obtain the transcripts from all of the depositions that were taken in this case. Just because a deposition was necessarily and properly taken in connection with Plaintiff's claims against other Defendants, it does not follow that *this* Defendant needed a copy to defend itself against Plaintiff's allegations. This would still hold true if, as originally believed, the County's liability were premised on the actions of its employees.

The County elected to purchase copies of all forty-four depositions taken in this case. Although these deposition transcripts may have provided the County with useful background information, the Court concludes that they were not all necessary to the County's case and the County therefore may not recover the costs for all of the transcripts. *See Herbst*, 2000 WL 1185517, at \*2 (disallowing costs for depositions that were taken merely for discovery purposes); *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co.*, 143 F.R.D. 292, 296 (N.D. Ga. 1991) ("[D]eposition costs incurred merely . . . for purposes of investigation, or simply to aid a party in thorough preparation are not taxable."). However, as is apparent from its motion for summary judgment, the County believed that its liability was related to its employees' actions or inactions. The County relied on eleven depositions in its summary judgment motion, many of which were of County employees or former employees, to combat this theory.[3] Since these depositions were necessary to

---

[3] Those depositions were of Christopher Jones, Thomas McNichol, Lea Robinson, Kirk Benson (identified as "Kurt Benson" on the deposition invoice), two depositions of Erin King, Jill Baldwin, Michael Harper, Lisa Black, Russell Long and Maureen Hoffman.

the County's summary judgment motion, the County is entitled to recover the $4,519.85 it paid for these transcripts. *See Pharm. Res., Inc. v. Roxane Labs., Inc.*, Civ. A. No 03-3357, 2008 WL 2951173 (D.N.J. July 25, 2008) (allowing costs for depositions used in connection with summary judgment motion and expert depositions, but disallowing costs for other depositions); *Krouse v. Am. Sterilizer Co.*, 928 F. Supp. 543, 545 (W.D. Pa. 1996) (allowing costs for depositions filed in support of motion for summary judgment even though action was dismissed by Court for failure to prosecute).

### B. Documents Necessarily Obtained for Use in the Case

Copying expenses are recoverable as taxable costs for those copies "necessarily obtained for use in the case." 28 U.S.C. § 1920. This includes copying costs incurred in connection with compiling exhibits supporting a motion for summary judgment. *Fitchett*, 1996 WL 47977, at *5. However, the party seeking to recover such costs must itemize them so that the Court can determine whether the costs may be properly awarded. *Montgomery County*, 2004 WL 1087196, at *7; *see also Herbst*, 2000 WL 1185517, at *2. "While the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the best breakdown of the copied material obtainable from its records." *Montgomery County*, 2004 WL 1087196, at *7 (internal quotations omitted).

In support of its Bill of Costs, the County submitted a "Slip Listing," which identifies the date on which certain copies were made and the cost of those copies. However, the document provides no description of the material being copied. This Court therefore cannot determine whether the copies were necessarily obtained for use in the case. The County's conjecture that "some of the costs are undoubtedly associated with the copying of exhibits utilized in the Motion for Summary

Judgement" is insufficient to sustain an award of costs. (Reply to Pl.'s Objections to the Bill of Costs at 5.) Accordingly, the $650.55 of unidentified costs will be disallowed. *See Montgomery County*, 2004 WL 1087196, at **7-8 (disallowing costs that were not sufficiently itemized when prevailing party provided bill identifying when copies were made and their costs, but failed to describe what was in fact copied).

The County also submitted a copy of a check for $13.30 made out to counsel for a co-defendant, which constituted reimbursement for costs incurred in connection with copying certain medical records. These copying costs are sufficiently identifiable and, thus, recoverable by the County. *See Stevens*, 2009 WL 117847, at *5 (allowing prevailing party to recover costs for medical records); *cf. Day v. Mendenhall, Inn, Inc.*, Civ. A. No. 95-830, 1998 WL 599188, at *3 (E.D. Pa. Sept. 9, 1998) (noting that when a plaintiff sues to recover for injuries, the plaintiff's medical records are usually necessary for use in the case).

**IV.    CONCLUSION**

For the above reasons, the County is entitled to recover $4,519.85 for the costs of deposition transcripts used in connection with its motion for summary judgment and $13.30 in copying costs. However, the County is not entitled to recover the costs for the remaining thirty-three depositions nor the additional copying costs that it seeks. Accordingly, the Clerk's taxation of costs is affirmed in part and reversed in part.